FILED
SCRANTON

DEC ~~ 2005

PER _____

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA        :
                                :        CRIMINAL NO. **3: 01-CR-231**
        vs.                     :        CIVIL NO.  **3:05-CV-1063**
                                :        (JUDGE NEALON)
JEFFREY DAVID WASHINGTON,       :
        Petitioner              :

## MEMORANDUM and ORDER

**Procedural History**

Presently before the court is a motion to vacate, set aside, or correct

sentence by a person in federal custody pursuant to 28 U.S.C. § 2255, filed by

Defendant on May 23, 2005. (Doc. 73).  Following a guilty plea in this court to

possession with the intent to distribute in excess of five grams of cocaine base

(crack), Petitioner was sentenced 262 months incarceration on June 13, 2002.[1]

After the present petition was filed, on May 31, 2005, the court advised the

---

[1] On January 28, 2002, Defendant filed a *pro se* motion to withdraw his guilty
plea, asserting his plea was not knowing and intelligent and, further, that he was
coerced into the plea by both the government and defense counsel, who
subsequently withdrew his appearance. (Docs. 33-34).  The court denied the
motion by Order dated Mach 7, 2002.  (Doc. 40).

1

Petitioner that he could have the motion ruled on as filed, have his motion recharacterized as a § 2255 motion and heard as such, but in that event lose his ability to file a second or successive petition absent certification by the court of appeals, or withdraw his petition and file one all-inclusive § 2255 petition within the one-year statute of limitations period prescribed by the Antiterrorism and Effective Death Penalty Act. Id. at 646. (Doc. 74). Moreover, he was advised that if he dismissed the instant petition in order to file one all-inclusive petition, the AEDPA's statute of limitations might bar the filing of any such successive petition. Because no Notice of Election was filed with the court, on July 15, 2005, the court determined that the motion would be ruled upon as filed, and directed service on the Government. After a Response to the petition was filed by the Government on September 16, 2005 (Doc. 78), the Defendant filed a Reply thereto on October 4, 2005. (Doc. 79).[2] The matter is now ripe for disposition. For the

---

[2] Simultaneously filed with his Reply was a letter from the Defendant indicating that he had not been served with either the court's May 31, 2005 order directing him to submit a Notice of Election or the court's July 15, 2005 order directing service on the Government. (Docs. 74-75, 80). A review of the docket indicated that Washington was not served with these orders. Consequently, the court permitted him additional time to execute and return a Notice of Election. The order further advised Washington that if he elected to proceed on his petition as filed, or failed to file the Notice of Election, the court would not order additional briefing or re-briefing of the issues but would address the motion and briefs as filed. Inasmuch as a Notice of Election was not filed, the court will address the motion and briefs as filed.

reasons that follow, the motion will be dismissed.

**Factual Background**

On July 17, 2001, Washington was indicted by a federal grand jury on one (1) count of possession with the intent to distribute in excess of five grams of cocaine base (crack). He subsequently entered a plea of guilty on December 5, 2001, and was sentenced on June 13, 2002 to a 262 month term of incarceration. A direct appeal to the Court of Appeals for the Third Circuit was filed by way of a Notice of Appeal to the district court on June 13, 2002. (Doc. 58). On June 2, 2004, the Court of Appeals affirmed his conviction and sentence, finding that it lacked jurisdiction over a direct appeal inasmuch as Washington had knowingly and voluntarily waived his appellate rights in the plea agreement. (Docs. 69-70). The present motion followed.

**Discussion**

A federal criminal defendant's sentence is subject to collateral attack in a proceeding before the sentencing court pursuant to 28 U.S.C. § 2255. *See, e.g.*, United States v. Adonizio, 442 U.S. 178, 185 (1979). When a petitioner fails to properly raise his claims on direct review, a motion to vacate can only offer relief if the petitioner establishes "cause" for the waiver and further shows actual prejudice resulting from the alleged violation. Reed v. Farley, 512 U.S. 339, 354

3

(1994). Additionally, a post-conviction motion to vacate can not properly be used to re-litigate questions that were raised and answered on direct appeal. United States v. DeRewal, 10 F.3d 100, 105, n.4 (3d. Cir 1993). Petitioner makes the following contentions regarding his conviction and sentence:

(1)     that he received ineffective assistance of counsel when counsel failed to object to the government's breach of the plea agreement and misinformed his as to the possibility of withdrawing a guilty plea once it had been entered and the plea agreement signed;

(2)     that the Government breached the plea agreement; and

(3)     that his sentence was illegal in light of United States v. Booker, 128 S. Ct. 738 (2005).

*Waiver*

The Government contends that this court lacks jurisdiction over the present motion inasmuch as Washington waived, as part of the plea agreement, not only his right to pursue a direct appeal but also his right to collaterally attack his sentence. Waivers of appeal are permissible and enforceable. U.S. v. Khattak, 273 F.3d 557 (3d Cir.2001). *See also* United States v. Teeter, 257 F.3d 14 (1st Cir.2001); United States v. Fisher, 232 F.3d 301 (2d Cir.2000); United States v. Brown, 232 F.3d 399 (4th Cir.2000); United States v. Branam, 231 F.3d 932 (5th

Cir.2000); United States v. Fleming, 239 F.3d 761 (6th Cir.2001); United States v. Jemison, 237 F.3d 911 (7th Cir.2000); United States v. Estrada-Bahena, 201 F.3d 1070 (8th Cir.2000); United States v. Nguyen, 235 F.3d 1179 (9th Cir.2000); United States v. Rubio, 231 F.3d 709 (10th Cir.2000); Unites States v. Howle, 166 F.3d 1166 (11th Cir.1999). In examining the legality of waiver-of-appeals provisions in guilty plea agreements, the Third Circuit Court of Appeals has held that such waivers are valid if entered into knowingly and voluntarily, unless enforcing the waiver would work a miscarriage of justice. Khattak, 273 F.3d at 562-63. In determining whether the waiver was knowing and voluntary, the Court of Appeals considered whether the sentencing judge complied with the requirements of Federal Rule of Criminal Procedure 11, which requires that, before accepting a guilty plea, the court address the defendant and determine that the defendant understands, among other things, the terms of any provision in a plea agreement waiving the right to appeal or collaterally attack the sentence. Id. at 563; Fed.R.Crim.P. 11.

In dismissing his appeal, the Third Circuit observed that Washington's plea agreement provided that he "waive[d] [his] right to challenge any sentence or the manner in which his sentence was determined in any collateral proceeding, including but not limited to a motion brought under Title 18, United States Code,

5

Section 2255." (Docs. 28, 69). The decision further concluded that the Statement of the Defendant also reflected that he understood, as part of the plea agreement, that he waived his right "to appeal and/or challenge [his] conviction and sentence." (Docs. 29, 69). Further, the Court of Appeals noted:

> [The] District Court specifically questioned Washington's understanding of his waiver. The Court asked: if he had signed, read and understood the plea agreement; if he had discussed it with his counsel; if he had had enough time to discuss it with his counsel; if his counsel had explained everything in it; and, if everything in it was true and correct. Washington replied, "Yes." The Court then explained the effect of the waiver on his rights to appeal and to collaterally attack the proceedings and the sentence imposed, and asked whether he understood of [sic] all this. Again, Washington replied, "Yes." The Court concluded, on the basis of this thorough colloquy, that Washington had waived his rights of appeal knowingly and voluntarily. We agree.

(Doc. 69, p.3). Additionally, this court had previously addressed whether Washington knowingly and voluntarily entered his guilty plea in denying his motion to withdraw his guilty plea, wherein it stated:

> In the course of the plea colloquy, the Defendant was asked questions to confirm that he was competent to plead guilty and that his plea was knowing, voluntary and intelligent. The Defendant was also informed of his right not to plead guilty and to go to trial, his right to exercise his constitutional right not to testify and his presumption of innocence at trial. At the plea proceedings, the Defendant was asked specifically whether he was satisfied with his

6

counsel's representation and whether Defendant had sufficient time
and opportunity to discuss the case with him. The court further
ensured that the defendant understood the elements of the offenses to
which he was pleading guilty as well as the mandatory minimum and
maximum penalties for the offense.

Based on the plea colloquy, the court is absolutely satisfied that
Defendant understood every inquiry and that his plea was entered
knowingly and voluntarily. He was given every opportunity to make
any inquiry during the colloquy. There was no contradiction or
confusion, doubt or misunderstanding. He has completely failed to
advance a fair and just reason for withdrawing his guilty plea. United
States v. Martinez, *supra*. Under the circumstances outlined above, to
allow the defendant to withdraw his voluntary plea of guilty by
advancing reasons contrary to his statements under oath at the plea
proceedings would make a mockery of Rule 11 and the judicial
system.

*See* Doc. 40 (March 7, 2002 Order denying motion to withdraw guilty plea).

Based on these facts, it is concluded that Washington's waiver of his right
to pursue a collateral attack of his conviction and sentence was knowing and
voluntary. The court finds, therefore, that it is without jurisdiction over the
present motion based on his waiver of his right to file a collateral attack of his
sentence. However, assuming, *arguendo*, that he had not waived his rights to file
such a motion, the arguments raised would be denied on their merits.

### *Booker*

In United States v. Lockett, 406 F.3d 207, 214 (3d Cir.2005), the court of
Appeals for the Third Circuit specifically held that enforcement of a waiver of

7

appellate rights regarding possible <u>Booker</u> claims does not constitute a miscarriage

of justice. Noting the Supreme Court's decision in <u>Brady v. United States</u>, 397

U.S. 742, 757 (1970), which held that changes in the law benefitting the defendant

subsequent to a plea agreement do not make the agreement less binding, the Third

Circuit stated that the "possibility of a favorable change in the law occurring after

a plea agreement is merely one of the risks that accompanies a guilty plea."

<u>Lockett</u>, 406 F.3d at 214. In the present case, Washington faced a similar risk

when he entered his guilty plea and waived his right to collaterally attack his

sentence. Therefore, enforcing Petitioner's waiver regarding his potential

<u>Blakely</u>/<u>Booker</u> claims does not constitute a miscarriage of justice.[3]

*Ineffective Assistance of Counsel*

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), *reh'g denied*, 467 U.S.

1267 (1984), the Supreme Court set forth "the two components of an

ineffective-assistance of counsel claim" as "(1) deficient performance; and (2)

prejudice." <u>Lockhart v. Fretwell</u>, 506 U.S. 364, 369 (1993) *citing* <u>Strickland</u>. The

---

[3] Even if Washington had not waived his right to collaterally attack his conviction and sentence, he would not be entitled to relief based upon his claim under <u>Blakely</u> and <u>Booker</u>. The Third Circuit has held that the Supreme Court's decision in <u>Booker</u> does not apply retroactively to § 2255 motions when the judgment was final as of January 12, 2005, the issue date of that decision. <u>Lloyd v. United States</u>, 407 F.3d 608 (3d Cir. 2005). Defendant's conviction became final on August 31, 2004, when the time to seek certiorari review expired.

8

test for judging a claim of ineffectiveness of counsel is whether the counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *See* Strickland v. Washington, 466 U.S. 668, 684 (1984), *reh'g denied*, 467 U.S. 1267 (1984).  The Court developed a two-prong test requiring the criminal defendant to show that: (1) counsel performance fell below an objective standard of reasonableness and, (2) the deficient performance prejudiced the defense. Id. *See also* Deputy v. Taylor, 19 F.3d 1485, 1493 (3d Cir.), *cert. denied*, 512 U.S. 1230 (1994). Prejudice has been defined as a "showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. See also Frey v. Fulcomer, 974 F.2d 348, 358 (3d Cir. 1992), *cert. denied*, 507 U.S. 954 (1993) ("[A] petitioner must demonstrate a reasonable probability that, but for the unprofessional errors, the result would have been different . . . [.]").

Moreover, there is a presumption that the attorney's conduct comes within "the wide range of reasonable professional assistance." Strickland at 689.  The petitioner "must overcome a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Reinert v. Larkin, 211 F. Supp. 2d 589, 595 (E.D.Pa. 2002) *citing* Strickland. The standard for ineffectiveness is a demanding one under which a habeas petitioner must prove the

9

"gross incompetence" of his counsel. Kimmelman v. Morisson, 477 U.S. 365, 382, 106 S.Ct.2574 (1986). Thus, "[j]udicial scrutiny of counsel's performance must be highly deferential." Strickland, *supra*, at 689.

In the instant petition, Washington maintains that he received ineffective assistance of counsel during the plea process. Walter Lesnevich, Esquire, an attorney privately retained to represent Washington, was counsel of record from shortly after his initial appearance through the change of plea. Mr Lenevich was allowed to withdraw his representation due, in large measure, to Mr. Lesnevich's averments that Washington would not communicate with him nor would his family respond to Mr. Lesnevich's inquiries. Moreover, the sentence Petitioner received, a term of 262 months, is far less severe than the potential sentence of 325 moths he would have faced under the guidelines, or a possible term of life in prison had he proceeded to trial and been convicted. Consequently, one could conclude that counsel was quite effective in representing him by avoiding a sentence far greater that than he ultimately received.  It cannot be concluded either  that counsel performance was deficient or that Washington was prejudiced by counsel's performance.

Additionally, the court has determined that his plea colloquy sufficiently advised him of his rights and that he was well-informed as to the knowing and

voluntary nature of the plea.  Therefore, it will not now conclude that counsel was

ineffective in failing to properly advise him of the plea's implications when he

stated, under oath, that he had sufficient time to review the plea agreement, that he

had sufficient time to discuss the matter with his counsel and that he understood

not only that his ultimate sentence may be different from that called for in the plea

agreement, but also that he could not later move to withdraw the plea if his

sentence turned out to be more sever than he anticipated.  Most importantly, he

admitted he was guilty as charged in the indictment.  His argument, therefore,

lacks merit.  A failure to raise a meritless argument is not grounds for finding

ineffective assistance of counsel.  *See* Sistrunk v. Vaughn, 96 F.3d 666, 671 (3d

Cir.1996) (failure to raise arguments that would be overruled under prevailing law

is not ineffective assistance).  Consequently, this argument will be rejected.  A

claim that counsel failed to object to the Government's purported breach of the

plea agreement is an argument that is likewise without merit, for the reasons set

forth below.[4]

---

[4] To the extent Washington asserts counsel was ineffective in failing to
object tot he Government's alleged breach of the plea agreement at sentencing, the
court noted that he elected to proceed *pro se* at sentencing and not utilize the
assistance and availability of an Assistant Federal Public Defender, who was
appointed stand-by counsel.  Consequently, he cannot now assert a claim against
himself that his own representation failed to effectively serve his best interests.

11

*Breach of Plea Agreement by Government*

Finally, Washington maintains that the Government breached the plea agreement when it failed to recommend a three (3) level downward departure for acceptance of responsibility. Washington avers that the Government offered to recommend a sentence of 188-235 months in exchange for his guilty plea but, at sentencing, it advocated a sentence of 262-327 months.[5] The Government's position is that Washington, in maintaining his innocence of the charges, did not warrant a downward departure for acceptance of responsibility. It further notes that if Washington had been so entitled and received such a reduction, his exposure would have been in the range of 188-235 months. Consequently, the Government asserts that it is the actions of the Defendant, by denying responsibility and professing his innocence at sentencing, which took him out of the lower range, despite having earlier admitted his guilt under oath. The court agrees, and finds this argument by Washington to be meritless.

*Motion to Amend*

Petitioner also filed a Motion to Amend (Doc. 82) on October 20, 2005.

---

[5] In support of his claim that the Government offered to recommend 188-235 month on a straight plea, i.e., in the absence of a downward departure, Washington references Exhibit A, attached to his §2255 motion. The court noted that there is no such Exhibit and, in fact, no attachments to his §2255 motion. (Doc. 73).

However, inasmuch as the court permitted Petitioner until November 13, 2005 to execute a Notice of Election, which allowed him to withdraw his motion to file an all-inclusive motion within the applicable statute of limitation, the court finds this motion moot.

**Conclusion**

For the reasons set forth herein above, the motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 73) will be dismissed. An appropriate order follows.


Date: December 1, 2005                          s/ William J. Nealon
                                                United States District Judge

13

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :

                        :

                        :     CRIMINAL NO. **3: 01-CR-231**

       vs.                   :     CIVIL NO.  **3:05-CV-1063**

                        :     (JUDGE NEALON)

JEFFREY DAVID WASHINGTON,    :

       Defendant            :

## **ORDER**

AND NOW, THIS 1st DAY OF DECEMBER, 2005, IT IS HEREBY

ORDERED THAT:

1.  The motion to vacate, set aside or correct sentence pursuant to 28
    U.S.C. § 2255 (Doc. 73) is DISMISSED.

2.  Petitioner's Motion to Amend (Doc. 82) is DISMISSED AS
    MOOT.

3.  The court concludes there is no basis for the issuance of a
    certificate of appealability.

                    s/ William J. Nealon
                    United States District Judge